[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12845
_____

D.C. Docket No. 4:13-cv-00246-HLM

DAVID C. KEEVER,
individually, and as personal representative of the
Estate of Henry Keever,

Plaintiff-Appellant,

versus

FIRST AMERICAN TITLE INSURANCE COMPANY,
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 26, 2015)

Before HULL and BLACK, Circuit Judges, and ANTOON,* District Judge.

PER CURIAM:

In this diversity action, plaintiff David C. Keever appeals the district court's grant of summary judgment to defendants First American Title Insurance Company and Old Republic National Title Insurance Company in his action alleging state-law claims of breach of contract, negligent and bad faith failure and refusal to settle, and equitable estoppel based on fraud.  On appeal, Keever contends that the district court erred in failing to apply Georgia's doctrine of waiver and estoppel to prevent the defendants from denying him coverage under their respective title insurance policies, despite the fact that he is not an insured under the policies.

In granting summary judgment to the defendants, the district found, inter alia, that (1) Keever's breach-of-contract claims brought in his individual capacity fail because he was not a party to either defendant's policy; and (2) Georgia law provides no support for Keever's theory that he could be waived into insurance contracts to which he was never a party or intended beneficiary.  Having reviewed the record and considered the arguments of the parties in their briefs, and with the

---

*Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

benefit of oral argument, we find no reversible error in the district court's decision entered May 21, 2014.[1]

**AFFIRMED.**

---

[1]We DENY plaintiff Keever's request to certify a question to the Georgia Supreme Court.

3